UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| EUGENE GENCHEV,<br><br>　　　　　　　　Plaintiff,<br><br>　vs.<br><br>DETROIT DIESEL CORPORATION, et al.,<br><br>　　　　　　　　Defendants. | CASE NO. 08-CV-1021 W (NLS)<br><br>**ORDER (1) GRANTING IN-PART AND DENYING IN-PART MOTION TO DISMISS AND (2) DENYING AS MOOT MOTION TO STRIKE** |
|---|---|

　　　　This is a diversity action between Plaintiff, Eugene Genchev ("Plaintiff"), and Defendant Detroit Diesel Co. ("Detroit"). On April 15, 2008, Plaintiff filed this lawsuit in California Superior Court alleging breach of contract, violations of the commercial code, breach of warranties and negligence. On June 6, 2008, Detroit removed the action to this Court. Detroit now moves to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and, in the alternative, moves for summary judgment pursuant to Rule 56(c).

　　　　The Court decides the matter on the papers submitted and without oral argument. See S.D. Cal Civ. R. 7.1(d.1). For the reasons stated below, the Court **DENIES IN-PART** and **GRANTS IN-PART** Detroit's motion to dismiss (Doc. No. 4) and **DENIES AS MOOT** Detroit's motion to strike (Doc. No. 16).

## I. BACKGROUND

On August 2, 2004, Plaintiff purchased a 2004 Freightliner CL 120 tractor from Albuquerque Freightliner in New Mexico. (*Compl.* ¶6; *Def.'s Supp. Mem.* 1.) On March 3, 2005, Plaintiff purchased a 2005 Freightliner FLD from Murray's Freightliner in Pennsylvania. (*Compl.* ¶7; *Def.'s Supp. Mem.* 1.) Both Freightliners contain engines manufactured and warrantied by Detroit. (*Compl.* ¶10; *Def.'s Supp. Mem.* 1.)

As early as January 2005, Plaintiff began having problems with the 2004 Freightliner. (*Def.'s Supp. Mem.* Ex. 3 at 103.) Those problems included oil, fuel and coolant leaks. (*Id.*) Soon thereafter, similar problems arose with the 2005 Freightliner. (*Id.*) The vehicles also had "leaning nonconformities," as well as battery and electronic control module problems. (*Id.*)

On October 11, 2005, Plaintiff filed a complaint against Freightliner, LLC, ("Freightliner") for breach of contract, violations of the California Commercial Code, breach of warranties, fraud, negligent misrepresentation, negligence and unjust enrichment relating to the 2004 Freightliner ("the Freightliner Action"). (*Def.'s Supp. Mem.* 1.) After the case was removed to federal court, Plaintiff amended the complaint to include problems arising from the 2005 Freightliner. (*Id.*) The lawsuit stemmed from Freightliner's alleged failure to disclose nonconformities known to Freightliner before Plaintiff purchased the trucks, and from Freightliner's failure to pay for certain warranted repairs. The Freightliner warranties expressly excluded any problems with the vehicles' engines. (*Pl.'s Opp'n Mem.* 1.)

In the Freightliner Action, Plaintiff prevailed at trial on the breach of warranties, fraud, and negligent misrepresentation claims and was awarded $39,908.62 in damages. (*Def.'s Supp. Mem.* 1.) Before the punitive damages phase of trial, Plaintiff settled with Freightliner for $60,000, and the lawsuit was dismissed. (*Id.*; *Pl.'s Supp. Mem.* 2.)

On April 18, 2008, Plaintiff filed this Complaint alleging that Detroit expressly warrantied the engines, and that, despite due demand, Detroit failed to conform the engines to those warranties. (*Compl.* ¶10–12.) Plaintiff is therefore suing Detroit for

breach of contract, breach of warranties and negligence, as well as for violations of the California Commercial Code. (*Id.* ¶11.)

On June 6, 2008, Detroit removed the case to this Court. On June 13, 2008, Detroit filed this motion to dismiss and, in the alternative, motion for summary judgment. On July 21, 2008, Plaintiff filed an opposition. On July 28, 2008, Detroit filed its reply.

## II. <u>Legal Standard</u>[1]

### A. <u>Motion to Dismiss</u>

This motion is governed by Federal Rule of Civil Procedure 12(b)(6), which mandates that the Court dismiss a cause of action that fails to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. <u>See</u> <u>North Star Int'l. v. Arizona Corp. Comm'n.</u>, 720 F.2d 578, 581 (9th Cir. 1983). All material allegations in the complaint, "even if doubtful in fact," are assumed to be true. <u>Id.</u> The court must assume the truth of all factual allegations and must "construe them in the light most favorable to the nonmoving party." <u>Gompper v. VISX, Inc.</u>, 298 F.3d 893, 895 (9th Cir. 2002); <u>see also</u> <u>Walleri v. Fed. Home Loan Bank of Seattle</u>, 83 F.3d 1575, 1580 (9th Cir. 1996).

As the Supreme Court recently explained, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Bell Atlantic Corp. v. Twombly</u>,127 S.Ct. 1955, 1964 (2007). Instead, the

---

[1] Detroit moved under two different federal rules. Noticeably absent from its papers was a discussion regarding the relevant legal standard for each rule. More importantly, Detroit failed to clarify which of the arguments raised in the motion were based on the Rule 12(b)(6) standard, and which were based on the Rule 56(c) standard. And Detroit did not reference Rule 12(b)(6) in any of the arguments. Nevertheless, the Court will analyze Detroit's res judicata and issue preclusion arguments under the Rule 56(c) standard and the remainder of the arguments under the Rule 12(b)(6) standard. Detroit is cautioned, however, that in the future its indolence will not be tolerated, and will result in summary denial of its motion.

1  allegations in the complaint "must be enough to raise a right to relief above the
2  speculative level." Id. at 1964–65. .

3        Generally, the court may not consider material outside the complaint when ruling
4  on a motion to dismiss. Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d
5  1542, 1555 n.19 (9th Cir. 1990). However, the court may consider any documents
6  specifically identified in the complaint whose authenticity is not questioned by the
7  parties. Fecht v. Price Co., 70 F.3d 1078, 1080 n.1 (9th Cir. 1995). Moreover, the
8  court may consider the full text of those documents, even when the complaint quotes
9  only selected portions. Id. The court may also consider material properly subject to
10 judicial notice. Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994) (citing Mack v.
11 South Bay Beer Distribs., Inc., 798 F.2d 1279, 1282 (9th Cir. 1986) *abrogated on other*
12 *grounds by* Astoria Federal Savings and Loan Ass'n v. Solimino, 501 U.S. 104 (1991)).
13

14     **B.**     **Summary Judgment**

15       Summary judgment is appropriate under Rule 56(c) when the moving party
16 demonstrates the absence of a genuine issue of material fact and entitlement to
17 judgment as a matter of law. See Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477
18 U.S. 317, 322 (1986).

19       The party seeking summary judgment always bears the initial burden of
20 establishing the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323.
21 The moving party can satisfy this burden in two ways: (1)by presenting evidence that
22 negates an essential element of the nonmoving party's case; or (2) by demonstrating that
23 the nonmoving party failed to make a showing sufficient to establish an element
24 essential to that party's case on which that party will bear the burden of proof at trial.
25 Id. at 322-23. "Disputes over irrelevant or unnecessary facts will not preclude a grant
26 of summary judgment." T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809
27 F.2d 626, 630 (9th Cir. 1987).

28       "The district court may limit its review to the documents submitted for the
purpose of summary judgment and those parts of the record specifically referenced

therein." Carmen v. San Francisco Unified School Dist., 237 F.3d 1026, 1030 (9th Cir. 2001). Therefore, the court is not obligated "to scour the record in search of a genuine issue of triable fact." Keenan v. Allen, 91 F.3d 1275, 1279 (9th Cir. 1996) (citing Richards v. Combined Ins. Co., 55 F.3d 247, 251 (7th Cir. 1995)).

### III.  DISCUSSION

#### A.  Claim Preclusion Does Not Bar Plaintiff's Claims

Detroit argues that Plaintiff's claims are barred by California's res judicata doctrine. (*Def.'s Supp. Mem.* 2–8.) Plaintiff opposes on the ground that the claims related to the engines were not "actually litigated," and therefore he is not precluded from asserting them in the present action. (*Pl.'s Opp'n Mem.* 3–4.)

As an initial matter, the Court notes that Detroit relied on California's "primary rights theory" to support its contention. (*Def.'s Supp. Mem.* 4-7.) However, federal courts sitting in California apply federal standards to determine the res judicata effect of an earlier federal court litigation, regardless of whether the court is sitting in diversity. Intermedics, Inc. v. Ventitex, Inc., 804 F.Supp. 35, 39 (N.D. Cal. 1992)(citing Constantini v. Trans World Airlines, 681 F.2d 1199, 1201 (9th Cir. 1982)).

Under federal law, claim preclusion bars "lawsuits on 'any claims that were raised or could have been raised' in a prior action." Stewart v. U.S. Bancorp, 297 F.3d 953, 956 (9th Cir.2002) (quoting Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 713 (9th Cir.2001)). Claim preclusion requires the moving party to satisfy three elements: (1) an identity of the claims, (2) the previous action must have resulted in a final judgment on the merits, and (3) the present action must involve the same parties or persons in privity of interest. Providence Health Plan v. McDowell, 385 F.3d 1168, 1173–1174 (9th Cir. 2004).

The Court need not address the first two elements of Detroit's claim preclusion argument because Detroit fails to establish that privity exists between Detroit and

1  Freightliner.  Indeed, Detroit failed to even argue privity.  Although many courts have
2  abandoned the strict mutuality requirement in cases involving issue preclusion (instead
3  adopting a rule that nonmutual issue preclusion is permitted unless it would be unfair),
4  in claim preclusion the mutuality requirement stands[2]. See Providence, 385 F.3d at
5  1173–1174; Kaiser, 244 F.3d at 713. Accordingly, the Court rejects Detroit's argument
6  that Plaintiff is barred by claim preclusion and **DENIES** Detroit's motion insofar as it
7  is based on claim preclusion.

### B. Collateral Estoppel Does Not Bar Plaintiff's Claims

Detroit contends Plaintiff's claims are barred by collateral estoppel. (*Def.'s Supp. Mem.* 8–10.) Plaintiff disagrees, arguing that there are material differences between the issues decided in the Freightliner Action and the current action against Detroit. (*Pl.'s Opp'n Mem.* 3–4.)

Collateral estoppel, or issue preclusion, bars "successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment." Taylor v. Sturgell, 128 S.Ct. 2161, 2171 (2008)(quoting New Hampshire v. Maine, 532 U.S. 742, 748 (2001)). Issue preclusion bars relitigation of issues adjudicated in an earlier proceeding if three requirements are met:  (1) the issue necessarily decided at the previous proceeding is identical to the one which is sought to be relitigated; (2) the first proceeding ended with a final judgment on the merits; and (3) the party against whom collateral estoppel is asserted was a party or in privity with a party at the first proceeding. Reyn's Pasta Bella, LLC v. Visa USA, Inc.,442 F.3d 74, 746 (9th Cir. 2006).

An issue is actually litigated when it is "properly raised by the pleadings or otherwise, is submitted for determination, and is determined." RESTATEMENT (SECOND)

---

[2]Subject to limited exceptions including cases involving indemnification and derivative liability relationships. See Tartt v. Northwest Community Hosp., 453 F.3d 817, 822–823 (7th Cir. 2006); Turner v. Crawford Square Apartments III, L.P., 449 F.3d 542, 548–549 n. 11 (3rd Cir. 2006).

OF JUDGMENTS § 27 cmts. d, e.[3] The party asserting preclusion has the burden of showing that the issue as to which estoppel is claimed was actually adjudicated in a prior proceeding. Chew v. Gates, 27 F.3d 143, 1438 (9 th Cir. 1994); See also Hernandez v. City of Los Angeles, 624 F.2d 935, 937 (9th Cir.1980). Necessary inferences from the judgment, pleadings, and evidence will be given preclusive effect, but if there is doubt as to the scope of the prior judgment, collateral estoppel will not be applied. Chew, 27 F.3d at 1438; See also Davis & Cox v. Summa Corp., 751 F.2d 1507, 1518 (9th Cir.1985).

Here, Detroit has failed to identify the specific issues Plaintiff is seeking to relitigate. Instead, Detroit states vaguely:

> The issues to be determined in this action were decided in the prior action against Freightliner. [Plaintiff] had a full trial on these issues, had ample opportunity to raise issues and present evidence, after which the court did in fact render a decision on the issues.

(*Def.'s Supp. Mem.* 9.)

Although Detroit contends that "the issues" were litigated and determined, it does not identify the issues. As the moving party, Detroit bears the burden of showing what issues should be given preclusive effect by illustrating that the issues were actually litigated and necessarily decided in the Freightliner Action. Detroit failed to do so. On this ground alone, the Court rejects Detroit's argument that Plaintiff is barred from asserting his engine nonconformity claims.

In its discussion of claim preclusion, Detroit states that Plaintiff's "depositions are replete with testimony about the engine problems, the Detroit Diesel warranties and the repairs at authorized Detroit Diesel repair facilities" and that Plaintiff, "had every opportunity to litigate his contract and warranty claims against Detroit" in the Freightliner Action (*Def.'s Supp. Mem.* 4.) Even if, *arguendo*, the Court assumes these

---

[3]To determine what issues were actually litigated in the Freightliner action, the Court takes judicial notice of Plaintiff's complaint, amended complaint, the jury verdict, and the dismissal in the Freightliner action. The court also takes judicial notice of relevant portions of Genchev deposition I and Genchev deposition II, the purchase orders of both the 2004 and 2005 tractors, and Genchev's opposition to Freighliner's motion in limine no. 2, all from the Freightliner Action.

1  are the issues as to which Detroit seeks preclusion, the deposition testimony alone is
2  insufficient to show that the issues were actually litigated and necessarily decided in the
3  Freightliner Action. In short, although there is some evidence before the Court that the
4  engine problems *may* have been raised in the Freightliner Action, there is no evidence
5  that the issues were actually litigated. Accordingly, the Court **DENIES** Detroit's
6  motion insofar as it is based on collateral estoppel.

### C. The Economic Loss Rule Bars Plaintiff's Negligence Claim

Detroit contends that the "economic loss rule" bars Plaintiff's negligence claim. (*Def.'s Supp. Mem.* 10–11.) Plaintiff disagrees, arguing instead that a party's contractual obligations may create a legal duty, the breach of which may support a tort action.[4] (*Pl.'s Opp'n Mem.* 5.)

Simply stated, the economic loss rule provides: "Where a purchaser's expectations in a sale are frustrated because the product he bought is not working properly, his remedy is said to be in contract alone, for he has suffered only 'economic' losses." Robinson Helicopter Co., Inc. v. Dana Corp., 34 Cal.4th 979, 988 (Cal. 2004). "This doctrine hinges on a distinction drawn between transactions involving the sale of goods for commercial purposes where economic expectations are protected by commercial and contract law, and those involving the sale of defective products to individual consumers who are injured in a manner which has traditionally been remedied by resort to the law of torts." Id. The law of contractual warranty governs damages to the product itself. Jimenez v. Superior Court, 29 Cal.4th 473, 482–483 (Cal. 2002). The economic loss rule "requires a purchaser to recover in contract for purely economic loss due to disappointed expectations, unless he can demonstrate harm above and beyond a broken contractual promise. Robinson, 34 Cal.4th. at 988

---

[4] Plaintiff's reliance on Robinson is misplaced. The Robinson court held that fraud and intentional misrepresentation claims were not barred by the economic loss rule because the misrepresentations of fact were not related to the performance of the contract. .Robinson, 34 Cal.4th at 988. Here, Plaintiff does not allege fraud or intentional misrepresentation, but rather negligence in that Detroit "failed to reasonably repair the vehicles." (*Compl.* ¶27.)

1   Here, Plaintiff alleges that Detroit had "a duty to reasonably repair the vehicles"
2 and that Detroit breached that duty. Plaintiff does not allege a harm above and beyond
3 a broken contractual promise. Because warranty law governs damages and problems
4 with the product itself, Plaintiff is barred from asserting a negligence cause of action
5 arising out of damage to the engine.

6   Accordingly, the Court **GRANTS** Detroit's motion to dismiss as to Plaintiff's
7 negligence cause of action.

### D.  Plaintiff Need Not Attach the Engine Warranty

Detroit argues that Plaintiff failed to plead a claim for breach of contract because Plaintiff "did not attach the warranty to the complaint." Further, Detroit contends that in order to plead a cause of action for breach of warranty Plaintiff must allege the exact terms of the warranty. (*Def.'s Supp. Mem.* 11–12.)

To satisfy federal notice pleading, plaintiff need only provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6); see Leatherman v. Tarrant County Intelligence & Coordination Unit, 507 U.S. 163, 168 (1993) (noting that the "liberal system of 'notice pleading' does not require detailed factual pleadings."). A plaintiff in federal court is not expected to "plead his evidence or specific factual details." Gibson v. United States, 781 F.2d 1334, 1340 (9th Cir.1986) (internal quotations omitted). Nothing in the Federal Rules of Civil Procedure requires plaintiff to attach any document to the complaint.

Accordingly, Detroit's motion to dismiss Plaintiff's breach of contract and breach of warranties claims is **DENIED**.

### E.  Plaintiff May Claim Violations of the Commercial Code

Detroit's final argument concerns Plaintiff's claim for violations of the Commercial Code. Detroit states that this "is an action against a manufacturer of a component of two Freightliner tractors for consequential damages from the alleged

breach of warranty, not a claim for remedies under the Commercial Code." (*Def.'s Supp. Mem.* 12.)

The California Commercial Code, however, expressly sets forth the measure of damages for breach of warranty. See CAL. COM. CODE §2714 (2002). Further, California Commercial Code section 2725 sets forth the statute of limitations for breach of warranty claims.[5] Because the Commercial Code expressly governs actions for breach of warranty, Detroit's argument must fail.

Accordingly, the Court **DENIES** Detroit's Motion to dismiss Plaintiff's Commercial Code Violation claim.

## IV.   CONCLUSION AND ORDER

In light of the foregoing, the Court **GRANTS IN-PART** and **DENIES IN-PART** Detroit's motion to dismiss (Doc. No. 4) and **DISMISSES WITH LEAVE TO AMEND** Plaintiff's fourth cause of action for negligence. The remainder of Detroit's motion is **DENIED**. Additionally, because the Court did not consider the Genchev Declaration, Detroit's motion to strike is **DENIED** as moot.

**IT IS SO ORDERED.**

DATED: October 2, 2008

                                            Hon. Thomas J. Whelan
                                            United States District Judge

---

[5] Detroit relies on the California Commercial Code's statute of limitation in support of its Motion. (*Def.'s Supp. Mem.* 13.) Although the statute of limitations has yet to run with regard to Plaintiff's claim, Detroit implicitly admits it governs a breach of warranty action.