1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT
9          SOUTHERN DISTRICT OF CALIFORNIA
10

11  EUGENE GENCHEV,                          CASE NO.08-CV-1021 W (NLS)

12                            Plaintiff,     **ORDER DENYING MOTION FOR**
13          vs.                              **RULE 11 SANCTIONS (DOC. 38)**

14  DETROIT DIESEL
    CORPORATION, et al.,
15
                             Defendants.
16  _____

17          Pending before the Court is Defendant Detroit Diesel Corporation's ("DDC")

18  motion for sanctions under Federal Rule of Civil Procedure 11.  Plaintiff Eugene

19  Genchev opposes.

20          The Court decides the matter on the papers submitted and without oral

21  argument.  See S.D. Cal Civ. R. 7.1(d.1).  For the reasons stated below, the Court

22  **DENIES** the motion.  (Doc. 38.)

23

24  I.     BACKGROUND

25          The factual background has been addressed in the Court's previous orders, and

26  thus need not be repeated here.  It is sufficient to state that this lawsuit arises out of

27  mechanical problems with two Freightliner tractors that Plaintiff Eugene Genchev

28  purchased in 2004 and 2005.

                                    -1-                        08-CV-1021 W (NLS)

After attempts to repair the tractors, Genchev eventually filed a lawsuit against Freightliner, LLC, for failing to disclose known nonconformities with the tractors, and for failing to pay for certain warranted repairs (the "Freightliner Action"). Freightliner's warranties expressly excluded problems with the tractors' engines. Accordingly, after prevailing at trial and settling with Freightliner, Genchev filed this lawsuit against DDC, who manufactured and warranted the tractors' engines.

DDC now seeks Rule 11 sanctions against Genchev. DDC's two primary grounds for sanctions are: (1) Genchev is attempting to relitigate claims and items of damages that were raised in the Freightliner Action; and (2) Genchev continues to ignore controlling Ninth Circuit precedent. The Court will address each issue separately.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 11 provides that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name...." Fed.R.Civ.P 11(a). In signing the document, the attorney certifies that the pleading, written motion or other paper,

> to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> (1)  it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2)  the claims, defenses, and other legal contentions are warranted by existing law or by a nonfirvolous argument for extending, modifying, or reversing existing law or for establishing new law.
> (3)  the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4)  the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Id. 11(b). Upon a determination that Rule 11(b) has been violated, the court "may impose an appropriate sanction on any attorney, law firm, or party that violated the rule...." Id. 11(c)(1).

III.     <u>DISCUSSION</u>

  **A. <u>DDC has not established that Genchev's claims and damages are</u>**
    **<u>barred by collateral estoppel.</u>**

  DDC's primary basis for Rule 11 sanctions is Genchev's alleged improper relitigation of "claims and damages he previously litigated in his action against Freightliner."  (*Reply*, 1:10–12.)  DDC has unsuccessfully advanced this argument in two previous motions, and the Court is again unimpressed with this theory.

  The central problem with DDC's argument is that it appears to be based on the wrong legal doctrine.  Issue preclusion, or collateral estoppel, bars "successive litigation of an issue of fact or law...." <u>Taylor v. Sturgell</u>, 128 S.Ct. 2161, 2171 (2008) (<u>quoting New Hampshire v. Maine</u>, 532 U.S. 742, 748 (2001)).  In contrast, claim preclusion bars "lawsuits on 'any claims that were raised or could have been raised' in a prior action."  <u>Stewart v. U.S. Bancorp</u>, 297 F.3d 953, 956 (9th Cir.2002).  *Moore's Federal Practice* describes the differences in the two doctrines as follows:

> ...the application and effect of these two doctrines is quite different.  *Claim preclusion* prevents a party from suing on a claim which has been previously litigated to a final judgment by that party or such party's privies and precludes the assertion by such parties of any **legal theory, cause of action, or defense** which could have been asserted in that action.  *Issue preclusion* prevents relitigation of **issues** actually litigated and necessary for the outcome of the prior suit, even if the current action involves different claims.

18 *Moore's Federal Practice*, §131.10[1][a] (Matthew Bender 3d ed.) (emphasis in bold added).

  The two doctrines also differ in their applicable elements.  Issue preclusion requires the moving party to establish: (1) the *issue* necessarily decided in the previous lawsuit is identical to the one sought to be relitigated; (2) the first proceeding ended with a final judgment on the merits; and (3) the party against whom collateral estoppel is asserted was a party or in privity with a party at the first proceeding.  <u>Reyn's Pasta Bella, LLC v. Visa USA, Inc.</u>,442 F.3d 74, 746 (9th Cir. 2006).  Claim preclusion, on the other hand, requires the moving party to prove:

1   (1) an identity of the *claims*, (2) the previous action resulted in a final judgment on

2   the merits, and (3) the present action must involve the same parties or persons in

3   privity of interest.  <u>Providence Health Plan v. McDowell</u>, 385 F.3d 1168, 1173–1174

4   (9th Cir. 2004).

5       Here, DDC's Rule 11 motion, and its most recent summary-judgment motion,

6   argue that Genchev's claims are barred by issue preclusion.  (*DDC's P&A*, 8:3–10.)

7   However, DDC failed to identify the issue Genchev is seeking to relitigate, instead

8   repeatedly contending that Genchev is pursuing the same "claims" and "damages."

9   Relitigation of claims and damages, however, would be barred by claim preclusion:

10  "A court should have little difficulty in applying **claim preclusion** to an action

11  asserting identical **legal theories**, **seeking the same damages**, or asserting the same

12  defenses as a prior action involving the same parties and based on the same factual

13  allegations."  <u>See</u> 18 *Moore's Federal Practice*, § 131.20[1] (emphasis added).   Thus,

14  by failing to rely on the correct legal doctrine, DDC–who was undisputably not a

15  party in the Freightliner Action–has failed to demonstrate that it is in privity with

16  the defendant from the previous case.

17      For this reason, collateral estoppel does not support DDC's request for Rule 11

18  sanctions.

19

20      **B.    <u>Genchev's alleged failure to acknowledge Ninth Circuit precedent.</u>**

21      DDC also argues that Genchev and his counsel should be sanctioned for

22  continually ignoring "the impact of <u>Clemens v. DaimlerChrysler Corp.</u>, 530 F.3d 852

23  (9th Cir. 2008), controlling Ninth Circuit authority, on his breach of implied

24  warranty claims."  (*DDC P&A*, 3:23–25.)  The Court disagrees.

25      Genchev filed this lawsuit on April 18, 2008.  (*Not. Removal*, ¶1, Ex. 2.)

26  <u>Clemens</u> was published on June 19, 2008, and on July 24, 2008 the decision was

27  amended and superseded by <u>Clemens v. DaimlerCHrysler Corp.</u>, 534 F.3d 1017 (9th

28  Cir. 2008).  Accordingly, at the time Genchev and his counsel filed (and signed) the

1  operative Complaint, <u>Clemens</u> was not controlling law.  For this reason alone, DDC's
2  argument fails.

3       Moreover, the claim DDC contends ignores <u>Clemens</u> is Genchev's breach of
4  implied warranty theory.  According to DDC, this claim lacks merit because
5  "Plaintiff has no grounds to challenge the lack of privity, required for his breach of
6  implied warranty claims...."  (*Reply*, 4:24–25.)

7       However, the Complaint includes only one cause of action for breach of
8  warranties, which is based on both implied and express warranties.  And this Court
9  has recently determined that Genchev's claim for breach of express warranties is
10 valid.  *92/23/10 Order* [Doc. 55], 4:2-23.)  Thus, even assuming DDC's privity
11 argument is correct, <u>Clemens</u> would not require dismissal of Genchev's sole cause of
12 action for breach of warranties.

13      Under these circumstance–and particularly given that <u>Clemens</u> was published
14 after the Complaint was filed–the Court finds Genchev's pursuit of the breach of
15 warranties cause of action does not violate Rule 11.

16

17 **IV.    Conclusion & Order**

18      For the reasons stated above, the Court **DENIES** DDC's motion for Rule 11
19 sanctions.  (Doc. 38.)

20

21 **IT IS SO ORDERED.**

22

23 DATED:  February 25, 2010

24

25                                                   Hon. Thomas J. Whelan
26                                                   United States District Judge

27

28